UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BROADCAST MUSIC, INC., et al.,

        Plaintiffs,                           Hon. Janet T. Neff

v.                                              Case No. 1:12-cv-00261

COOCHEEZ, LLC and CHRISTOPHER
SNYDER,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment (Dkt. 14), which was referred to the undersigned by the Honorable Janet T. Neff for report and recommendation under 28 U.S.C. § 636(b)(1)(B). A hearing on the motion was held July 31, 2012.

Summonses were returned executed as to defendants Coocheez, LLC (Dkt. 6) and Christopher Snyder (Dkt. 7). Both defendants failed to answer or otherwise defendant. Default was entered as to defendant Coocheez, LLC (Dkt. 11) and defendant Christopher Snyder (Dkt. 12) on May 18, 2012. Plaintiffs, through counsel, appeared for the July 31, 2012 hearing on the motion for default judgment. In response to the notice of motion hearing (Dkt. 15), plaintiffs filed a proof of service of the motion on defendants (Dkt. 16). Plaintiff Broadcast Music, Inc. ("BMI") is a corporation having been granted the right to license the public performance rights of millions of copyrighted musical compositions. Plaintiffs other than BMI are the owners of the

copyrights of the musical compositions which are the subject of the lawsuit. See, Complaint (Dkt. 1) at ¶¶ 3 – 4. Defendant Coocheez, LLC is a bar which publicly performs musical compositions and/or causes those compositions to be publicly performed. Defendant Christopher Snyder is a member of defendant Coocheez, LLC with primary responsibility for the operation and management of that limited liability company and establishment. Neither defendant appeared at the hearing or contacted the court in any way.

Plaintiffs seek an injunction, statutory damages, the costs of the action and reasonable attorney fees for copyright infringement. Plaintiffs have established that defendants engaged in copyright infringement through the affidavit of Kerri Howland-Kruse (Dkt. 14, Exh. 1), and the affidavit of Paul Knipler (Dkt. 14, Exh. 2). Plaintiffs seek damages of $3000 per infringement times seven documented instances of infringement, for an award of $21,000. This figure is approximately three times the amount plaintiffs would have received in licensing fees from defendants had their establishment been properly licensed. See Knipler affidavit, (Dkt. 14, Exh. 2). Courts considering awards of statutory damages have recognized that awards in the range of $3000 or higher are appropriate in cases where the infringement resulted from deliberate indifference towards copyright laws. *See, Sailor Music v. IM L Corp.*, 867 F. Supp. 560, 570 (E.D. Mich. 1994). Attached as Exhibit B to the Knipler affidavit (Dkt. 14, Exh. 2) are numerous instances of BMI communicating with Christopher Snyder and another agent of Coocheez, LLC regarding the need for Coocheez, LLC to secure a BMI license if Coocheez, LLC was going to play music in which BMI had an interest in the copyright.

Thus, plaintiffs' request for an injunction and $21,000 in damages is supported and reasonable. Plaintiffs also seek attorney fees in the amount of $3349.50 and costs in the amount

of $507.95, for a total of $3857.45. These fees and costs are supported by the declaration of plaintiffs' attorney, Patrick McCarthy (Dkt. 14, Exh. 4), and the supplemental declaration filed following the July 31, 2012 motion hearing (Dkt. 19). Therefore, it is recommended that Plaintiff's Motion for Default Judgment (Dkt. 14) be granted and that the proposed order of judgment (Dkt. 14, Exh. 3) be entered as proposed, with the exception of ¶ III, where it is recommended that the amount for attorney fees and costs be adjusted to $3857.45.

Respectfully submitted,

Date:  August 15, 2012                    /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).